ELLEN F. ROSENBLUM
Attorney General
ROBERT E. SULLIVAN  #983539
Senior Assistant Attorney General
YUFENG LUO#184009
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Robert.Sullivan@doj.state.or.us
            yufeng.luo@doj.state.or.us

Attorneys for Defendants Kelly and State of Oregon

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DAVID BROWN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF OREGON, TIMOTHY KELLY, MD,<br><br>　　　　　Defendants. | Case No.　3:19-CV-01048-MO<br><br>NOTICE OF SETTLEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE |

Pursuant to Or. Rev. Stat. § 17.095(3), Defendants notify this Court that this action has been settled pursuant to the terms of the *Settlement Agreement and Release of Claims* ("Agreement") a copy of which is attached hereto as *Exhibit 1*.

Page 1 -　NOTICE OF SETTLEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE
　　　　RS/bl2/10137225-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), and as evidenced by the stipulation of the parties included in the paragraph entitled "Judgment of Dismissal with Prejudice" of the Agreement, the parties stipulate to a dismissal of this action with prejudice.

DATED April  7 , 2020.

                               Respectfully submitted,

                               ELLEN F. ROSENBLUM
                               Attorney General

                               *s/ Yufeng Luo*
                               ROBERT E. SULLIVAN #983539
                               Senior Assistant Attorney General
                               YUFENT LUO #184009
                               Assistant Attorney General
                               Trial Attorney
                               Tel (503) 947-4700
                               Fax (503) 947-4791
                               Robert.Sullivan@doj.state.or.us
                               yufeng.luo@doj.state.or.us
                               Of Attorneys for Defendants

Page 2 -   NOTICE OF SETTLEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE
        RS/bl2/10137225-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

# SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

1. This action is currently pending in United States District Court, Case No. 3:19-cv-01048-MO. The parties to this Action are: Plaintiff David Brown (hereinafter "Plaintiff"), represented by attorney Lynn S. Walsh. Defendants, State of Oregon (hereinafter "State of Oregon" or "Defendants") by and through Robert E. Sullivan, Senior Assistant Attorney General and Yufeng Luo, Assistant Attorney General. The parties have agreed to settle this matter, the terms of which are set forth in this Settlement Agreement and Release of Claims (hereinafter "Agreement"). The effective date of this Agreement is **January 27, 2020**. The terms of this Agreement are as follows:

**Settlement Payment**: As consideration for Plaintiff's Release of Claims, and on behalf of the Released Parties described below, the State of Oregon, by and through the Oregon Department of Administrative Services/Risk Management ("Risk Management"), shall pay plaintiff the sum of One Hundred Forty Five Thousand Dollars $145,000.00 ("settlement payment"). The State of Oregon shall pay the settlement funds, after payment of all liens, the settlement payment shall be in the form of a check payable to "Lawyer Trust Account for Lynn S. Walsh."

**Plaintiff's Release of Claims**: In consideration for the above settlement payment, plaintiff, individually and on behalf of any heirs, executors, administrators, successors, agents, and assigns agrees to release, acquit, and forever discharge defendants and all those in interest with them, including the State of Oregon and all of its political subdivisions, agencies, departments, administrators, officers, current and former employees, agents, attorneys, and insurers (collectively "Released Parties"), from any and all claims, demands, or causes of action, whether known or unknown, under any legal, equitable, or other theory that exist or may exist against the Released Parties through the Effective Date of this Agreement, including but not limited to the claims set forth in the currently pending Actions.

The release, acquittal, and discharge described above ("Release") includes any claims against the Released Parties - including the Oregon Department of Justice and Risk Management - arising from the negotiation or execution of this Agreement. This Release also includes any

damages (including past and future medical and mental health expenses, lost wages, impairment of earnings, emotional distress, pain and suffering, punitive damages, and any other compensatory, economic, noneconomic, nominal, or other forms of damage) and equitable relief (including injunctions or declaratory judgments), whether known or unknown, or which may develop after the effective date of this Agreement, and including any and all expenses (attorney fees, costs, and disbursements).

**Newly-Discovered Evidence:** The Parties agree that if, after the Effective Date of this Agreement, they discover evidence different from or in addition to the evidence which they now know of or possess, this Agreement remains in full force and effect.

**Each Party is Responsible for Own Attorney Fees and Costs:** The Parties acknowledge and agree that they are solely responsible for paying any attorney fees and costs they incurred and that neither the Parties nor their attorneys will seek any award of attorney fees or costs from the other Party.

**Plaintiff is Responsible for all Subrogation and Liens:** Plaintiff acknowledges that all subrogation and lien claims arising out of contract or under state or federal law-including, but not limited to, subrogation or lien claims of or related to health care providers, insurance carriers (including personal injury protection or "PIP"), workers' compensation carriers, attorneys, and any federal or state agency or programs such as Medicare, Medicaid, or Social Security-are the sole and separate obligation of plaintiff which plaintiff agrees to pay or otherwise resolve (although Risk Management has the right in its sole discretion to issue payment directly to lienholders from the proceeds of the settlement amount). Plaintiff will defend, indemnify and hold harmless the Released Parties from and against all such lien and subrogation claims brought against the Released Parties.

**Medicare Reimbursement and Waiver:** The Parties agree that the settlement payment shall not be made until the status of any payments to Medicare is resolved, as follows:

(a) If the Risk Management receives information from Medicare that plaintiff is not a Medicare beneficiary, or if plaintiff provides Risk Management with a copy of a Medicare Zero Interest letter, Risk Management will promptly, upon receipt of such information, disburse the

settlement payment. Should the need for a Zero Interest letter arise, it will be plaintiff's responsibility to provide Risk with a Zero Interest letter prior to any disbursement of funds.

(b)     If Risk Management receives information from Medicare that plaintiff is a Medicare beneficiary, or if plaintiff cannot provide Risk with a Zero Interest letter, then plaintiff is required to provide a Medicare Final Demand Letter from Medicare. It shall be plaintiff's sole obligation to obtain a Final Demand Letter.

(c)     Once the Medicare Final Demand Letter is provided, Risk Management will issue a check directly to Medicare in the amount set forth in the Final Demand Letter. Risk Management will then pay plaintiff the amount which reflects the net balance of the settlement payment after payment to Medicare. If the Final Demand Letter amount is greater than the settlement payment, then plaintiff shall take affirmative steps to negotiate with Medicare as to any balance and will defend, indemnify and hold harmless Released Parties for any amounts Medicare seeks in excess of the amount of the settlement payment. Until such time as plaintiff has resolved any excess issue, the settlement payment shall not be made. Under no circumstances will the total amount paid by Risk Management exceed the total settlement payment.

(d)     Plaintiff waives, releases, and forever discharges the Released Parties from any obligations for any claim or future claim, known or unknown, arising out of the failure of the Released Parties to provide for a primary payment or appropriate reimbursement to Medicare pursuant to 42 U.S.C. § 1395y(b)(3)(A), and plaintiff shall defend, indemnify and hold harmless the Released Parties for any claims arising out of arising out of 42 U.S.C. § 1395y(b). Plaintiff further understands this settlement may impact, limit or preclude plaintiff's right or ability to receive future Medicare benefits arising out of the injuries alleged in this lawsuit.

**Past Cost of Care:** Defendant Oregon Department of Corrections waives the right to recover any proceeds from the settlement payment as "cost of care" pursuant to ORS 179.620(1). In no way do any of the defendants admit liability, nor have they been found liable through adjudication, as referenced in ORS 179.620(5)(a). On the contrary, defendants expressly deny all liability of any type.

any further actions, as may be reasonable and necessary, in order to carry out the purpose and intent of this Agreement.

**Waiver of Rule of Construction Against Drafter:** This Agreement was jointly drafted and approved by all Parties to this Agreement. Any rule that would otherwise require any ambiguities in this Agreement to be interpreted against the drafter(s) is hereby expressly waived.

**Counterparts:** This Agreement may be executed in counterparts, including counterparts received by facsimile or electronic transmission, with each counterpart constituting an original. The executing Parties agree that a photocopy or other signed copy of this Agreement is as effective as the original.

IT IS SO AGREED TO BY THE PARTIES:

_____          DATED this 11th day of February, 2020.
DAVID BROWN
Plaintiff

Subscribed and sworn to before me this 11th day of February, 2020, in the State of Oregon, County of Multnomah.

OFFICIAL STAMP
JANE MARIE BIGLER
NOTARY PUBLIC - OREGON
COMMISSION NO. 992363
MY COMMISSION EXPIRES OCTOBER 01, 2023

Notary Public for Oregon
My commission expires: 10-1-2023

APPROVED AS TO FORM:

_____          DATED this 11 day of February, 2020.
LYNN S. WALSH, OSB #924955
Attorneys for Plaintiff

_____          DATED this 5th March, 2020 day of February, 2020.
ROBERT E. SULLIVAN, OSB #983539
Senior Assistant Attorney General
YUFENG LUO, OSB #184009
Attorneys for Defendant State of Oregon

Exhibit 1, Page 4 of 4